# 14-1260-cv(L), 14-2597-cv(CON)

# United States Court of Appeals

*for the*

## Second Circuit

NYKCOOL A.B.,

*Plaintiff-Appellee,*

– v. –

TRUISFRUIT S.A.,

*Defendant-Appellant,*

PACIFIC INTERNATIONAL SERVICES, INC., PAN AMERICAN TRADING COMPANY, INC., FRUIT IMPORTERS AMERICAS, INC., PACIFIC GROUP HOLDING, INC., ECUADORIAN LINE, INC., SOUTH PACIFIC SHIPPING CO. LTD., ALVARO FERNANDO NOBOA PONTON, CARLOS AGUIRRE, CARLOS AHLSTROM, EDWARD HICKEY, ROBERT KISSINGER,

*Defendants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF AND SPECIAL APPENDIX FOR DEFENDANT-APPELLANT

JOHN CHARLES OHMAN
JONATHAN EVAN GOLDBERG
VANDENBERG & FELIU, LLP
*Attorneys for Defendant-Appellant*
60 East 42nd Street, 51st Floor
New York, New York 10165
(212) 763-6800

## <u>CORPORATE DISCLOSURE STATEMENT</u>

   Pursuant to Federal Rule of Appellate Procedure 26.1, Truisfruit, S.A. states that it is not owned by any parent company and it is not a publicly owned entity.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS................................................................i

TABLE OF AUTHORITIES ......................................................iii

PRELIMINARY STATEMENT ................................................1

ISSUES TO BE PRESENTED TO THIS COURT ....................9

SUMMARY OF FACTS ..........................................................10

    A.   Truisfruit's Business and Corporate Structure....................10

    B.   FIA's Transfer of Accounts Receivable to Truisfruit .......12

    C.   The Attachment ................................................................14

    D.   NYKCool's Attempts to Serve the Amended Complaint on Truisfruit..................................................................15

    E.   The Court's March 18, 2014 Default Judgment ...............16

    F.   The April 2014 Appeal......................................................16

    G.   Truisfruit's Rule 60(b) Motion in the District Court .........17

    H.   The District Court's Order Denying the 60(b) Motion .....17

ARGUMENT ..........................................................................18

POINT I   STANDARDS GOVERNING THIS APPEAL ......18

POINT II  THE COURT BELOW ERRED BOTH IN ENTERING THE DEFAULT JUDGMENT AND IN SUBSEQUENTLY FAILING TO SET IT ASIDE ON TRUISFRUIT'S MOTION ........................................19

Point III   THE COURT BELOW COMMITTED A FUNDAMENTAL ERROR IN ASSERTING JURISDICTION OVER TRUISFRUIT ...........23

    A. Truisfruit Is Not Subject to Personal Jurisdiction in New York............24

    B. There is No Basis for General Jurisdiction Over Truisfruit..................26

        1. *Daimler* Narrowed the Scope of General Jurisdiction. .................27

        2.  Truisfruit Is Not Subject To General Jurisdiction........................29

        3.  Truisfruit Did Not Substantially And Continuously Solicit Business In New York ............................................................30

    C. There is No Basis for Specific Jurisdiction Over Truisfruit .................33

        1. CPLR § 302(a)(1) Is Not Satisfied ................................................33

2. CPLR § 302(a)(2) Is Not Satisfied ...............................................35

3. CPLR § 302(a)(3) Is Not Satisfied ...............................................35

4. CPLR § 302(a)(4) Is Not Satisfied ...............................................37

    a.) The District Court erred in exercising quasi-in-rem jurisdiction over Truisfruit's assets because the attachment order was invalid ............................................................................................38

    b.) Exercising quasi-in-rem jurisdiction over Truisfruit's assets violated Truisfruit's procedural due process rights...........................40

    c.) Quasi-in-rem jurisdiction does not extend beyond the boundaries of general and specific jurisdiction ...........................................41

D. Exercising Personal Jurisdiction Over Truisfruit Would Violate Constitutional Due Process........................................................................43

E. Alter Ego Jurisdiction is not Available ...................................................47

1. Truisfruit Is a Real and Separate Ecuadorian Business...................48

2. FIA's Assignment of Accounts Receivable Does Not Support Piercing the Corporate Veil………………………………………..…49

3. Recent State and Federal Decisions Following Daimler Have Called into Question the Constitutionality of the Alter-Ego Theory ……………………………………………………………..…...50

Point IV    THE JUDGMENT MUST BE SET ASIDE BECAUSE THE COURT BELOW LACKS SUBJECT MATTER JURISDICTION............51

A. There Is No Federal Question Jurisdiction .............................................52

B. There Is No Diversity Jurisdiction .........................................................53

Point V    PRINCIPLES OF COMITY REQUIRE REVERSAL.........................54

CONCLUSION ..............................................................................................56

# TABLE OF AUTHORITIES

**CASES**

*Absolute Activist Master Value Fund* 2013 WL 1286170 (S.D.N.Y.
  March 28, 2013)................................................................44

*Am. Fuel Corp. v. Utah Energy Dev. Co.*,
  122 F.3d 130 (2d Cir. 1997) ............................................48

*Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*,
  8 F. Supp. 2d 372 (S.D.N.Y. 1998) .................................22

*Arnett v. Kennedy*,
  416 U.S. 134, 94 S. Ct. 1633 , 40 L. Ed. 2d 15 (1974) ....................................40

*Asahi Metal Indus. Co. v. Superior Court of California, Solano Cnty.*,
  480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) ....................................46

*Banco Ambrosiano, S.P.A. v. Artoc Bank & Trust Ltd.*,
  62 N.Y.2d 65, 464 N.E.2d 432 (1984).........................41, 42

*Bank of New York v. Meridien Biao Bank Tanzania Ltd.*,
  95 CV 4856 (SS), 1998 WL 417510 (S.D.N.Y. July 24, 1998).................18, 20

*Bauman v. DaimlerChrysler Corp.*,
  644 F.3d 909 (9th Cir. 2011) ............................................27

*Bensusan Rest. Corp. v. King*,
  126 F.3d 25 (2d Cir. 1997) ...........................................25, 35, 43

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007) ............................................34

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462, 105 S. Ct. 2174 , 85 L. Ed. 2d 528 (1985) ...............................44

*C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Servs., Inc.*,
  455 F. Supp. 2d 218 (E.D.N.Y. 2006) ..............................32

*Cablevision Sys. NY City Corp. v. James*,
  CV 01-8170, 2008 WL 821513 (E.D.N.Y. Mar. 24, 2008)............................22

*Cargill, Inc. v. Sabine Trading & Shipping Co.*,
  756 F.2d 224 (2d Cir. 1985) ............................................37

Chadwick v. TKO Records,
  03 CIV. 10019 (AKH), 2004 WL 885820 (S.D.N.Y. Apr. 20,
  2004) .............................................................................53

*Chaiken v. VV Pub. Corp.*,
  119 F.3d 1018 (2d Cir. 1997) .......................................44, 45

*Chambers v. Weinstein*,
  44 Misc. 3d 1224(A) (N.Y. Sup. Ct. 2014) ......................29

*Chevron Corp. v. Donziger*,
  974 F. Supp. 2d 362 (S.D.N.Y. 2014) ...............................5

*Clipper Wonsild Tankers Holding A/S v. Biodiesel Ventures, LLC*,
  851 F. Supp. 2d 504 (S.D.N.Y. 2012) ..............................52

*Cody v. Mello*,
   59 F.3d 13 (2d Cir. 1995) ..................................................20

*Covington Indus., Inc. v. Resintex A. G.*,
   629 F.2d 730 (2d Cir. 1980) ...............................................21

*Cutrone v. Mortgage Elec. Registration Sys., Inc.*,
   749 F.3d 137 (2d Cir. 2014) ...............................................18

*Daimler AG v. Bauman*,
   134 S. Ct. 746, 187 L. Ed. 2d 624 (2014)...............................passim

*De Jesus v. Sears, Roebuck & Co.*,
   87 F.3d 65 (2d Cir. 1996) ..................................................48

*Deutsche Zentral-Genossenschaftsbank AG v. UBS AG*,
   652575/2012, 2014 WL 1495632(N.Y. Sup. Ct. Apr. 17, 2014) ...............28, 50

*Enron Oil Corp. v. Diakuhara*,
   10 F.3d 90 (2d Cir. 1993) .............................................18, 20, 21

*Feder v. Turkish Airlines*,
   441 F. Supp. 1273 n.5 (S.D.N.Y. 1977) .....................................42

*Gartner v. Snyder*,
   607 F.2d 582 (2d Cir. 1979) ...............................................47

*Global Gold Mining, LLC v. Ayvazian*, __ F. Supp. 2d __,2013 WL
   6123397 (S.D.N.Y. 2013)...................................................21

*Global Fin. Corp. v. Triarc Corp.*,
   93 N.Y.2d 525, 715 N.E.2d 482 (1999).......................................36

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   131 S. Ct. 2846, 180 L. Ed. 2d 796 (U.S.N.C. 2011) ...............4, 25, 27, 42

*Goss v. Lopez*,
   419 U.S. 565, 95 S. Ct. 729 , 42 L. Ed. 2d 725 (1975) .......................40

Gucci Am., Inc. v. Weixing Li,
   11-3934-CV, 2014 WL 4629049 (2d Cir. Sept. 17, 2014)..................18, 28, 55

*Harriman v. I.R.S.*,
   233 F. Supp. 2d 451 (E.D.N.Y. 2002) .......................................21

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) ..................44, 45

*Horn v. Intelectron Corp.*,
   294 F. Supp. 1153 (S.D.N.Y. 1968) .........................................21

*Hotel 71 Mezz Lender LLC v. Falor*,
   14 N.Y.3d 303, 926 N.E.2d 1202 (2010).....................................38

*In re Roman Catholic Diocese of Albany, New York, Inc.*,
   745 F.3d 30 (2d Cir. 2014) .............................................25, 31

*In re S. African Apartheid Litig.*,
   617 F. Supp. 2d 228 (S.D.N.Y. 2009) .......................................47

*In re Terrorist Attacks on September 11, 2001*,
   714 F.3d 659(2d Cir. 2013) ................................................24

*In re Texlon Corp.*,

596 F.2d 1092 (2d Cir. 1979) .................................................21

*J. McIntyre Mach., Ltd. v. Nicastro*,
   131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011).........................42

*Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998) ...........................................25

*Kai Wu Chan v. Reno*,
   932 F. Supp. 535 (S.D.N.Y. 1996) ....................................7

*Kern v. Clark*,
   331 F.3d 9 (2d Cir. 2003) ..............................................18

*Kiobel v. Royal Dutch Petroleum Co.*,
   621 F.3d 111(2d Cir. 2010) ...........................................46

*Kirno Hill Corp. v. Holt*,
   618 F.2d 982 (2d Cir. 1980) ...........................................47

*Koehler v. Bank of Bermuda Ltd.*,
   12 N.Y.3d 533, 911 N.E.2d 825 (2009).........................38, 39

*Landoil Res. Corp. v. Alexander & Alexander Servs.*, Inc.,
   918 F.2d 1039 (2d Cir. 1990) .........................................26

*Landoil Res. Corp.*,
   918 F.2d, 1043- .........................................................30

*Laufer v. Ostrow*,
   55 N.Y.2d 305, 434 N.E.2d 692 (1982).............................30

*MAG Portfolio Consultant, GMBH v. Merlin Biomed Grp. LLC*,
   268 F.3d 58 (2d Cir. 2001) ............................................47

*Marine Trading Ltd. v. Naviera Commercial Naylamp S.A.*,
   879 F. Supp. 389 (S.D.N.Y. 1995) ...................................52

*Marvel Characters, Inc. v. Kirby*,
   726 F.3d 119 (2d Cir. 2013) ...........................................24

*Mayes v. Leipziger*,
   674 F.2d 178 (2d Cir. 1982) ...........................................34

*Meyer v. Board of Regents of University of Oklahoma,* slip op., 13-cv-
   31282014 WL 2039654 (S.D.N.Y. May 14, 2014) .................28

*Moss v. Morgan Stanley Inc.*,
   719 F.2d 5 (2d Cir. 1983) ..............................................52

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306, 70 S. Ct. 652 , 94 L. Ed. 865 (1950).............40

Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Forman 635 Joint
   Venture,
   94 CIV. 1312 (LLS), 1996 WL 272074 (S.D.N.Y. May 21, 1996) .................22

*Nelson v. Mass. Gen. Hosp.*,
   2007 U.S. Dist. Lexis 70455 (S.D.N.Y. Sep. 20, 2007)...................30

NYKcool A.B. v. Pac. Fruit Inc.,
   10 CIV. 3867 LAK AJP, 2010 WL 4812975 (S.D.N.Y. Nov. 24,
   2010) ...............................................................11, 12

*Nykcool A.B. v. Pac. Fruit Inc.*,
   10 CIV. 3867 LAK AJP, 2012 WL 1255019 (S.D.N.Y. Apr. 16,
   2012) ...................................................................................................8

*Peralta v. Heights Med. Ctr., Inc.*,
   485 U.S. 80, 108 S. Ct. 896 , 99 L. Ed. 2d 75 (1988) ........................22

*Perkins v. Benguet Consol. Min. Co.*,
   342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952)............................29

*Pincione v. D'Alfonso*,
   506 F. App'x 22 (2d Cir. 2012)..........................................................34

*Popper v. Podhragy*,
   48 F. Supp. 2d 268 (S.D.N.Y. 1998) ............................................19, 21

Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.,
   13 CIV. 1654 RA, 2014 WL 2610608 n.10 (S.D.N.Y. June 10,
   2014) .................................................................................................50

*Reich v. Lopez*, 13-CV-5307 JPO,2014 WL 4067179 (S.D.N.Y. Aug.
   18, 2014) ...........................................................................................28

*Ruddies v. Auburn Spark Plug Co.*,
   261 F. Supp. 648 (S.D.N.Y. 1966) ....................................................20

*Sandoval v. Abaco Club on Winding Bay*,
   507 F. Supp. 2d 312 (S.D.N.Y. 2007) ...............................................27

*Sartor v. Toussaint*,
   70 F. App'x 11 (2d Cir. 2002)..............................................19, 21, 22

*Savin v. Ranier*,
   898 F.2d 304 (2d Cir. 1990) ..............................................................44

*Shaffer v. Heitner*,
   433 U.S. 186, 97 S. Ct. 2569 , 53 L. Ed. 2d 683 (1977) .........37, 40, 41

*Smart Trike, MNF, PTE, Ltd. v. Piermont Products LLC*,
   650376/2012, 2014 WL 2042298 n.3 (N.Y. Sup. Ct. May 16,
   2014) .................................................................................................50

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
   750 F.3d 221 (2d Cir. 2014) ..............................................................28

*Tauza v. Susquehanna Coal Co.*,
   220 N.Y. 259, 115 N.E. 915 (1917)...................................................26

*Tire Eng'g & Distribution L.L.C. v. Bank of China Ltd.*,
   740 F.3d 108 (2d Cir. 2014) ................................................................4

*Toliver v. Cnty. of Sullivan*,
   957 F.2d 47 (2d Cir. 1992) ............................................................6, 20

<u>*Transaero, Inc. v. La Fuerza Aerea Boliviana*</u>,
   162 F.3d 724 (2d Cir. 1998) ..............................................................18

*Troma Entm't, Inc. v. Centennial Pictures Inc.*,
   729 F.3d 215 (2d Cir. 2013) ..............................................................25

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*,
   241 F.3d 135 (2d Cir. 2001) ..............................................................18

*United Airlines, Inc. v. Brien*,

588 F.3d 158 (2d Cir. 2009) ...................................................................18

*United States v. Bestfoods,*
    524 U.S. 51, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998) .............................46, 49

*Universal Licensing Corp. v. Paola del Lungo S.p.A.,*
    293 F.3d 579 (2d Cir. 2002) ..............................................................53

*Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.,*
    560 F. App'x 52 (2d Cir. 2014)............................................................24

*Walden v. Fiore,*
    134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) .................................................42

*Weil v. Am. Univ.,*
    2008 U.S. Dist. Lexis 1727 (S.D.N.Y. Jan. 2, 2008)........................................30

*Whitaker v. Am. Telecasting, Inc.,*
    261 F.3d 196 (2d Cir. 2001) ..........................................................22, 35

*Wiwa v. Royal Dutch Petroleum Co.,*
    226 F.3d 88 (2d Cir. 2000) ...............................................................30

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286, 100 S. Ct. 580, 62 L. Ed. 2d 490 (1980) ...............................43, 45

**STATUTES**

§ 302 .........................................................................3, 25, 42

28 U.S.C. § 1332 ..................................................................53

28 U.S.C. § 1333 ..................................................................51

C.P.L.R. 301 ................................................................. passim

C.P.L.R. 302(a) ...................................................................33

C.P.L.R. 6211(b) ..................................................................38

*Id.* § 1332(a)(2), (3).............................................................53

N.Y. C.P.L.R. § 304(a)(4)..........................................................37

N.Y. C.P.L.R. 320(c)(1) (McKinney).................................................37

N.Y. C.P.L.R. 6201 ................................................................39

N.Y.C.P.L.R. § 302(a)(i) or (ii) ..................................................36

**RULES**

*Casta*, 01 .......................................................................32

Fed. R. Civ. P. 12(b)(5) and 12(b)(6); and (c).....................................1

Fed. R. Civ. P. 4(f) ..............................................................16

Fed. R. Civ. P. 55(c)..............................................................20

Fed. R. Civ. P. 60(b)(4); (b).......................................................1

Federal Rule of Appellate Procedure 26.1 ...........................................i

Rule 60 ...........................................................................18

Rule 60(b)................................................................... passim

Rule 60(b)(4)..................................................................18, 21

Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure........17, 22, 37

**OTHER AUTHORITIES**

10A Charles Alan Wright & Arthur R. Miller, Federal Practice and
    Procedure § 2693 .................................................................................21

11 Charles Alan Wright & Arthur R. Miller, Federal Practice and
    Procedure, § 2862, at 198 (1973)........................................................21

4A Charles Alan Wright & Arthur R. Miller, Federal Practice and
    Procedure § 1070 ................................................................................37

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and
    Procedure § 1396 (3d ed. )..................................................................37

Oscar G. Chase & Lori Brooke Day, *Re-Examining New York's Law
    of Personal Jurisdiction After Goodyear Dunlop Tires Operations,
    S.A. v. Brown and J. Mcintyre Machinery, Ltd. v. Nicastro*,
    76 Alb. L. Rev. 1009 n.332 (2013)......................................................42

Siegel, N.Y. Prac. § 104 (5th ed. ) .........................................................41

Defendant-Appellant Truisfruit *Compañía Sociedad Anonimá*

("Truisfruit" or "Appellant") specially appears and respectfully submits this

opening brief in support of its consolidated appeal from (1) a default judgment

("Default Judgment") entered against it in the district court below on March 18,

2014; and (2) an order of the district court that denied Truisfruit's motion (a) to

reopen the Default Judgment under Fed. R. Civ. P. 60(b)(4); (b) to dismiss the

amended complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(5)

and 12(b)(6); and (c) to reverse certain Registry disbursements made pursuant to

the void judgment.

## PRELIMINARY STATEMENT

Ignoring controlling Supreme Court authority, the court below erred

in exercising personal jurisdiction over Truisfruit, an Ecuadorian based banana

exporter with scant contacts with New York, in a suit brought by a Swedish

shipping conglomerate, under the New York long-arm statute and principles of due

process and comity.  The district court further erred in permitting the property of

Truisfruit, an Ecuadorian banana exporter, to be seized without notice or due

process of law – and before it had even been added as a party to the action, and

then simply given away to Plaintiff-Appellee NYKCool ("NYKCool" or

"Appellee") in a default judgment without notice and due process.  Worse still,

these errors are part and parcel of a rush to judgment by the court below against

1

several late appearing defendants in this case, highlighting the Constitutional concerns implicated here. Those concerns require reversal of the Default Judgment, reversal of the illegal seizure of Truisfruit's property and the dismissal of this case against Appellant on jurisdictional grounds.

This consolidated appeal presents significant questions as to the reach of *in personam* jurisdiction in the wake of the landmark ruling in *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014), in which the Supreme Court dramatically scaled back the reach of general jurisdiction over foreign defendants like Truisfruit. In the first appeal, Truisfruit challenges the entry of the Default Judgment against it by the court below; in the second, Appellant challenges the district court's refusal to set aside the Default Judgment and other relief granted in favor of Appellee in light of *Daimler* and Truisfruit's evidentiary submissions on the insufficiency of service of process on it and the absence of a basis consistent with Due Process for the assertion of personal jurisdiction over Truisfruit by the court below. Indeed, in none of its rulings against Truisfruit did the district court so much as consider *Daimler* or its relevance to the issues on appeal.

This action, commenced in late July, 2012, arises from the efforts of a Swedish shipping company to hold several companies and individuals – many of them, like Truisfruit, citizens of Ecuador – liable in New York, on alter ego and other theories, for a judgment rendered against two other parties in a prior lawsuit

involving certain shipments of bananas from Ecuador to the United States and Asia. Truisfruit is an Ecuadorian company with no direct connection to New York or the United States. Despite this, in October 2013, Appellee filed an amended complaint (after the completion of discovery) joining Truisfruit as an additional party defendant. On March 18, 2014, the Hon. Lewis Kaplan, U.S.D.J., issued an order of Default Judgment against Truisfruit for failure to appear. Truisfruit was not properly served and never received proper notice of the action -- and the court below did not properly assert *in personam* jurisdiction over Truisfruit for this reason as well.

A central issue here is whether the district court properly asserted *in personam* jurisdiction over Truisfruit consistent with principles of due process under the United States Constitution. Truisfruit submits that the exercise of such jurisdiction over it by the court below was improper in light of the fact that Truisfruit is a closely-held foreign company with its principal place of business in Guayaquil, Ecuador and *de minimis* contacts with New York. It has no office in New York, is not incorporated in New York, owns no real property in New York, provides no goods or services in New York and derives no substantial revenue in New York. On such facts, neither the New York long-arm statute, *New York* Civil Practice Law § 302, nor the Due Process Clause of the U.S. Constitution, supports the assertion of *in personam* jurisdiction here.

Notably, this Court has called into question the constitutionality of the New York long-arm statute in *Tire Eng'g & Distribution L.L.C. v. Bank of China Ltd.*, 740 F.3d 108, 112 (2d Cir. 2014) *certified question accepted,* 22 N.Y.3d 1113, 982 N.Y.S.2d 442 (2014) and *certified question withdrawn,* 22 N.Y.3d 1152, 984 N.Y.S.2d 292 (2014) in which the Court certified the question to the New York Court of Appeals whether a judgment creditor is entitled to an order directing a bank operating branches in New York to garnish assets held in foreign branches of the bank. This Court has asked, in essence, whether the separate entity rule had been abrogated or not. While the question specifically deals with debtor/creditor issues, the separate entity rule has far reaching affects to New York's long arm statute especially in light of *Daimler*. The Court of Appeals has not, as yet, answered this certified question.

Moreover, the holding in *Daimler* calls squarely into question the assertion of general jurisdiction over Truisfruit in this case. In *Daimler*, the Supreme Court held that the appropriate inquiry for determining whether the assertion of general personal jurisdiction comports with Due Process "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Daimler AG*, 134 S. Ct. at 761(quoting *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (U.S.N.C. 2011). Here, where Truisfruit's contacts with New York were *de minimis*, it can hardly be said that those contacts rendered it "at home" in New York. As a result, the court improperly applied the continuous and systematic test. Neither *Tire Eng'g* nor *Daimler* was raised by Appellee in its motion for default judgment, and the district court below, in finding personal jurisdiction over Truisfruit and entering judgment by default, did not address either case or the implications for the jurisdictional issue. Nor did the district court even mention, let alone discuss, *Daimler* or the underlying merits in denying the Rule 60(b) Motion – even though Truisfruit discussed the Supreme Court's decision extensively in its motion papers.[1] The court acted as if *Daimler* had never been decided at all.

   In seeking to overturn a great injustice, Truisfruit has pursued two avenues of redress with respect to the Default Judgment entered in the court below. Initially, Truisfruit filed its April 2014 Appeal challenging the underlying Default Judgment itself. However, this appeal is based on the limited record presented on Appellee's motion for default below, and on established precedent governing service of process on foreign defendants and the reach of in personam jurisdiction

---

[1] Of note, in *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 419 (S.D.N.Y. 2014), appeal pending before this Court Index number 14-826, a case that also involved issues of jurisdiction over a foreign corporation, Judge Kaplan also failed to address the *Daimler* decision.

over such defendants, without briefing by Truisfruit, which had not been properly served.  Truisfruit subsequently filed its Rule 60(b) Motion in the district court to reopen the Default Judgment and dismiss the action on jurisdictional grounds.  The Rule 60(b) Motion contained a much more robust and complete record that went directly to the merits of the case (including evidentiary submissions by an officer of Truisfruit and an expert of Ecuadorean law), and carefully analyzed the relevant authorities governing the questions of service and jurisdiction, including the *Daimler* decision.  The consolidation of the pending appeals will enable this Court to rule based on a developed record.

In his two-paragraph ruling on the Rule 60(b) Motion, Judge Kaplan denied the motion "in light of the impending appeal and in the interest of judicial economy" without any further explanation or consideration of the merits of the motion.  Contrary to its finding that it was barred from granting the motion because the filing of the April 2014 Appeal divested the district court of jurisdiction, the court below, in fact, had the ability to hear the motion on the merits, and either deny it, or signal an intention to grant the motion, thereby allowing Truisfruit in turn to move this Court reinvest jurisdiction in the district court. *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992).  The district court's finding on this point was a clear error of law and an abuse of discretion in light of the clear evidence demonstrating, among other things, the absence of any valid predicate for the

assertion of personal jurisdiction over Appellant.

The district court could have denied the motion with leave to renew "in the event of withdrawal of the pending appeal, in the event that [Truisfruit] request[s] permission from the Court of Appeals for remand of the issue, or in the event that the Court of Appeals remands the issue *sua sponte*." *Kai Wu Chan v. Reno*, 932 F. Supp. 535, 540 (S.D.N.Y. 1996). Curiously, the district court cited to *Toliver* in its decision, yet failed to acknowledge that it could have allowed for this Court to reinvest jurisdiction. Instead, the district court relied on an inaccurate view of the law, gave short shrift to Truisfruit's evidence and arguments and denied the motion without leave to renew or reargue. Having taken this improper and draconian course, the district court has left Truisfruit with no further recourse other than this Court.

For its part, NYKCool has led the proceedings astray in more ways than one through misdirection and error, not the least of which is its continuing effort to use the federal courts in New York as "one stop shopping" for its global collection campaign. This action may be pending in New York, but there is no injury in New York, no tortious conduct in New York, and the presumption supporting the corporate form is not overcome by conclusory allegations lacking specific evidence. The exercise of general jurisdiction under such circumstances is described by the Supreme Court as "exorbitant" and "unacceptably grasping" in

*Daimler AG*, 134 S. Ct. 746.  Since *Daimler* was decided by the Supreme Court after the Magistrate's Recommended Report and before the Order adopting it, NYKCool was bound to disclose it to the Court.  Having failed to do so, NYKCool should not profit from an erroneous default judgment entered in its favor.

Nor should Truisfruit's rights be placed in jeopardy by a trial court that appears to have decided the question of liability – against Truisfruit and several of its co-defendants – without a trial and without considering the pertinent evidence made available to it.  In many of the recommended rulings issued by the Magistrate Judge and approved by the District Judge, the court's exasperation at defendants' persistence in attempting to vindicate their rights suggests the inevitability of plaintiff's victory.[2]  The Constitution does not authorize the courts to prejudge controversies before them – or decide them without affording parties an opportunity to be heard – or place considerations of expediency ahead of

---

[2] *See, e.g., Nykcool A.B. v. Pac. Fruit Inc.*, 10 CIV. 3867 LAK AJP, 2012 WL 1255019, , *10 (S.D.N.Y. Apr. 16, 2012)(Peck, M.J.)("The Court sympathizes with NYKCool's frustration with Pacific's conduct"); Endorsed memo (Peck, M.J.)(Docket No. 168)("It is time for these defendants, and the other defendants, to stop the games- either pay the judgment, settle the outstanding claims, or go to trial on those claims");(Kaplan, USDJ)(Dkt. 68)("The Court finds no just reason for delay, as plaintiff long had been frustrated in its efforts to collect more than $8 million by the actions of the defendants against him, this motion should be granted and should not be further prejudiced by the continued pendency of the action against the remaining defendants.") These statements reveal the court's exasperation all came before Truisfruit was even added a party to this action, and foreshadows the inevitability of a plaintiff victory.

legitimate Due Process concerns.

For the foregoing reasons, and as discussed more fully below, the Default Judgment should be vacated and the case remanded to the district court with a directive to reverse and void the Registry disbursements of Truisfruit's funds – and to dismiss the action on grounds of improper service and lack of personal jurisdiction.

## ISSUES TO BE PRESENTED TO THIS COURT

Appellant Truisfruit raises the following issues:

1.      Whether the district court erred in concluding that it has personal jurisdiction over Truisfruit, an Ecuadorian company, under the New York long-arm statute, and that asserting such jurisdiction comports with due process and principles of comity given the *de minimis* contact that Truisfruit had in the State of New York.

2.      Whether the district court erred by ordering service of process on Truisfruit in Ecuador without consideration of Ecuadorian law.

3.      Whether the district court erred in entering the Default Judgment against Truisfruit where it had no personal jurisdiction over Truisfruit, an Ecuadorian company, where process was not properly served either in New York or in Ecuador, and where Truisfruit was not served with the proposed Order of Default Judgment as required under Local Civil Rule 55.2.

4.    Whether the district court erred in entering the Default Judgment and disbursing Truisfruit's funds held in the district court registry where Appellee NYKCool failed to comply with Local Civil Rule 55.2, which required service of the Proposed Order of Default Judgment seeking such relief on Truisfruit, and where the assertion of quasi-in-rem jurisdiction over those funds did not comport with due process.

5.    Whether the district court erred by exercising subject matter jurisdiction over Truisfruit where it was not a party to any maritime dispute, it did not participate in any arbitration under the FAA, which also does not confer subject matter jurisdiction here, and where no valid claim under the RICO statute can be established as to Truisfruit.

6.    Whether the district court erred in entering an *ex parte* order of attachment seizing accounts receivable of Truisfruit before Truisfruit was added as a necessary party to the veil piercing claim, thereby enabling NYKCool first to attach and then, again without proper service or notice, to transfer Truisfruit account receivables to Appellee.

## SUMMARY OF FACTS

A. Truisfruit's Business and Corporate Structure

Truisfruit is actively engaged in Ecuador in the export and sale of bananas.  *See* A. 280 at ¶ 15.  Truisfruit's expertise lies in the export of bananas in

Ecuador.  *Id.*    Truisfruit works with other Ecuadorian companies responsible for farming, packaging, and transportation.  *Id.*

Truisfruit is a duly incorporated, privately-owned, and closely-held corporation organized in and under the law of Ecuador.  *Id*. at ¶ 5; A. 285, A. 302 at ¶¶ 15-17, 34-36; *see also* A. 44 at ¶ 23.[3]  It was initially organized under Ecuadorian law in 2007.  A. 280 at ¶ 5.  The corporation complies with Ecuadorian laws governing closely held corporations and is in good standing.  *See generally id*. at ¶¶ 10-11.  Truisfruit engages an independent audit firm in Ecuador and files its own corporate tax returns in Ecuador.  *Id*. at ¶¶ 19-21.  Truisfruit's principal office is in Guayaquil, Ecuador.  *Id*. at ¶ 13.  All of Truisfruit's 146 employees are located in Ecuador.  *Id*. at ¶ 24.  Truisfruit maintains its own separate corporate books and records, including separate financial records, and does not maintain books or records for any other company.  *Id*. at ¶ 17.

Truisfruit has *de minimis* contacts with New York.  *See generally* A.279-286. at ¶¶ 9, 12-14, 16, 22-25, 27-31, 33, 35-37.  It has no office in New York, is not incorporated in New York, owns no real property in New York,

---

[3] Like Truisfruit, NYKCool is also a foreign entity despite the misleading use of the letters "NY" in its corporate name..  *See NYKcool A.B. v. Pac. Fruit Inc.*, 10 CIV. 3867 LAK AJP, 2010 WL 4812975, , *1 (S.D.N.Y. Nov. 24, 2010)(Peck, M.J.)(stating that NYKCool is a Swedish firm); A.39 at ¶ 13.  This dispute began with an arbitration that NYKCool brought against a New Jersey company for the shipment of South American-grown bananas from Ecuador to Asia and California.  *See NYKCool A.B.*, 2010 WL 4812975, at *1.

provides no goods or services in New York,[4] and derives no substantial revenue in New York. *See id.* at ¶¶ 9, 14, 27, 29-30. When NYKCool filed the operative complaint, Truisfruit's primary markets were Europe and Asia, while exports to all of the United States accounted for less than 1% of its global business. *See id.* at ¶¶ 30, 33.[5]

Truisfruit had no contact whatsoever with NYKCool in New York or anywhere in the U.S. Truisfruit has no contract with NYKCool. There is no arbitration ruling against Truisfruit in favor of NYKCool in New York or the U.S. There is no judgment against Truisfruit confirming an award of arbitration in favor of NYKCool. In short, Truisfruit had no contact with NYKCool in New York.

B. FIA's Transfer of Accounts Receivable to Truisfruit

Defendant Fruit Importers Americas, Inc. ("FIA") is a Delaware corporation with its principal place of business in New Jersey, involved in the import of Ecuadorian bananas to the U.S. A.39 at ¶ 16. In July 2013, FIA assigned accounts receivable to Truisfruit as payment for export services and banana sales. *See* A.280 at ¶ 34; Dkt. Nos. 111-3, 111-4, 111-5. Truisfruit's

---

[4] Indeed, Truisfruit does not provide any goods or services in the United States. A.279 at ¶ 16. Its business is conducted in Ecuador between the banana fields and the international ships that carry them to global ports. *Id.*

[5] Truisfruit's sales to an importer for the U.S. retail market were completed FOB Ecuador, meaning that all of Truisfruit's services were provided in Ecuador and Truisfruit does not engage in any direct sales in the United States. Castillo Aff. at ¶ 33.

exports to the U.S. through FIA had decreased sharply, yet Ecuadorian law required both prompt payment to farmers and prompt repatriation of foreign revenue to Ecuador for tax purposes. A.280 at ¶ 34; A.296-302 at ¶¶ 18-20, 37-40. Truisfruit agreed to an assignment of receivables, rather than cash, to reduce costs and avoid government penalties, including the revocation of Truisfruit's agricultural payment bond and global export license. See A.280 at ¶ 34; *see also* A.296-302 at ¶¶ 18-20, 37-40. FIA's debt to Truisfruit was properly and separately reflected in Truisfruit's financial records. A.280 at ¶ 34. The assignment was for value, because Truisfruit actually consigned bananas to FIA and provided export services to get them to the U.S. *Id.* The timing of the assignment was driven by tight deadlines in Ecuador for compliance with laws protecting growers and tax revenues.

FIA – as noted above, a Delaware corporation with its principal place of business in New Jersey -- assigned receivables to Truisfruit, an Ecuadorian *sociedad anonimá* with its principal place of business in Ecuador. *Id*. at ¶ 35. Thereafter, communications were sent by FIA and Truisfruit to the locations of the accounts. In all, Truisfruit sent no more than 2 letters and 3 emails from Ecuador to New York. *See* A.62 at ¶ 75; Dkt. Nos. 111-3, 111-4, 111-5 at 1 (letter from FIA in New Jersey to New York), 2 (invoice from FIA in New Jersey to New York), 3-4 (email with attached letter from Truisfruit in Ecuador to New York), 5-

6 (letter from FIA in New Jersey to New Jersey), 7 (letter from Truisfruit Ecuador to New Jersey), 8 (email from Truisfruit Ecuador to New Jersey), 9-12 (emails and attached letters from FIA in New Jersey sent to New Jersey), 13-14 (email from Truisfruit in Ecuador to New York).  While NYKCool has argued that Truisfruit also transferred an on-going importing concern in the U.S., the Castillo affidavit affirms that the U.S. business dropped precipitously and that only a limited number of specific accounts receivable were transferred.

C.  The Attachment

Truisfruit decided to work with Redi-Fresh, a different importer of record, when FIA no longer had the business to support its overhead.  *See* A.280 at ¶ 34.  On August 1, 2013, the Court ordered the attachment of all New York Bonita banana cargoes, without limiting or specifying the owner of the bananas.  A.34.  At that time, Truisfruit was not a defendant in this action.  Redi-Fresh was served on August 16, and later notified the Court that it had contracted to pay Truisfruit upon selling.  Dkt. No. 88 at 9; Dkt. No. 102 at 30.  On October 25, 2013, NYKCool informed the Court that Redi-Fresh had agreed to deposit proceeds from the sale of Truisfruit's cargo into the Court's registry.  Dkt. No. 125 at 3-4.  A consent order between Redi-Fresh and NYKCool permitted Redi-Fresh to sell Truisfruit's bananas and deposit the proceeds into the registry.  A.87.  At the time, Truisfruit had not been given any notice of the attachment, sale of its bananas, or deposit into

14

the registry.

D. <u>NYKCool's Attempts to Serve the Amended Complaint on Truisfruit</u>

On September 30, 2013, the Court ordered the defendants to show cause as to why it should not add Truisfruit as a defendant. A.80 at 4. Service of a copy of the order to show cause, the accompanying declaration and exhibits, and the Amended Complaint, were deemed sufficient if served upon Truisfruit at "El Oro **101** Interseccion Vivero – 5 Junio, Guayaquil, Ecuador." *Id.* at 5 (emphasis added). On October 3, 2013, the Deputy Clerk of Court certified that it mailed the documents to a different address "El 101 Interseccion Vivero – 5 Junio, Guayaquil, Ecuador." A.149. On October 21, 2013, the Court granted NYKCool's motion to amend the complaint without prejudice to whatever rights Truisfruit might assert upon being served. Dkt. No. 123 at 7. At no time did NYKCool attempt to serve Truisfruit pursuant to the Inter-American Convention on Letters Rogatory.

On November 6, 2013, the Deputy Clerk of Court certified that Truisfruit was in default. A.92. On November 8, 2013, NYKCool filed a motion for default judgment. NYKCool did not append a proposed form of default judgment to its motion, as required under Local Civil Rule 55.2(b), nor did it serve a proposed form of default judgment on Truisfruit. *See* Notice of Motion, A.93.; Declaration, A.95; Memorandum of Law, A.154. *See also* A.286. at ¶ 37. The Proposed Order that NYKCool ultimately filed with the Court (but did not serve on

Truisfruit) ordered release of Truisfruit funds from the registry (about which

Truisfruit had no notice).

E.  The Court's March 18, 2014 Default Judgment

       On December 20, 2013, Magistrate Judge Peck recommended that the

Court grant NYKCool's motion for default judgment against Truisfruit.  A.159.

Judge Peck held that NYKCool adequately served Truisfruit under Fed. R. Civ. P.

4(f), that such service of process comported with due process, that personal

jurisdiction could be asserted under New York's general jurisdiction statute,

C.P.L.R. 301, and that personal jurisdiction over Truisfruit comported with due

process because it was an alter ego of other defendants.  *See id*. at 14-26.  Judge

Peck also concluded, in the alternative, that the Court had quasi-in-rem jurisdiction

over the attached funds that Redi-Fresh had deposited in the Court's registry.  *Id*. at

26-28.  The Court issued an order granting NYKCool's motion for a default

judgment, entered judgment against Truisfruit, and ordered release of funds from

the registry pursuant to the proposed order that was never served on Truisfruit.  *See*

A267, A.268.  Nowhere else did the papers mention release of any funds.

F.  The April 2014 Appeal

       On April 17, 2014, Truisfruit filed an appeal (the "April 2014

Appeal") from the Default Judgment entered in the district court.  The April 2014

Appeal was assigned Docket Number 14-1260 and is pending before the Court,

having subsequently been consolidated with the present appeal, filed by Truisfruit

on July 21, 2014, pursuant to the Court's order, dated July 29 2014, which granted

Truisfruit's motion to consolidate appeals.

G. Truisfruit's Rule 60(b) Motion in the District Court

On May 13, 2014, after filing the April 2014 Appeal, Truisfruit

moved in the district court (1) to reopen the Default Judgment under Rule 60(b) of

the Federal Rules of Civil Procedure; (2) to dismiss Appellee's amended complaint

under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure for

improper service and for lack of personal jurisdiction; (3) to dismiss Appellee's

amended complaint for lack of subject matter jurisdiction; and (4) to reverse the

registry disbursement made in favor of Appellee.  In conjunction with this motion

(the "Rule 60(b) Motion"), Truisfruit also moved the district court for a hearing

thereon.

H. The District Court's Order Denying the 60(b) Motion

On July 15, 2014, without hearing argument, the court below denied

Truisfruit's Rule 60(b) Motion and its accompanying motion for a hearing.

Despite acknowledging that it could have requested leave from this Court to grant

the Rule 60(b) Motion, the district court nonetheless declined to entertain the

motion and denied it "[i]n light of the pending appeal and in the interest of judicial

economy."

17

# ARGUMENT

## POINT I

## <u>STANDARDS GOVERNING THIS APPEAL</u>

This Court reviews the District Court's conclusions of law with regard to the jurisdictional issues *de novo*; it reviews any determinations of fact for clear error. *See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co*., 241 F.3d 135, 151 (2d Cir. 2001) (personal jurisdiction); *Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137 (2d Cir. 2014), C.A.2 (N.Y.), April 17, 2014 (NO. 14-455-CV) (subject matter jurisdiction). This Court reviews issues of mixed law and fact *de novo. Kern v. Clark*, 331 F.3d 9, 11 (2d Cir. 2003). (§1983 case).

The district court's decision on Truisfruit's Rule 60 motion is reviewed for abuse of discretion. See <u>*Transaero, Inc. v. La Fuerza Aerea Boliviana,*</u> 162 F.3d 724, 731 (2d Cir. 1998); *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009). *See also* <u>Gucci Am., Inc. v. Weixing Li</u>, 11-3934-CV, 2014 WL 4629049 (2d Cir. Sept. 17, 2014)(district court's denial of Fed. R. Civ. P. 60(b) motion reversed for abuse of discretion following revise *Daimler* analysis). Rule 60(b)(4) motions have a much more lenient standard as default judgments are disfavored, with a strong preference for resolution of disputes on their merits. *E.g., Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 95 CV 4856 (SS), 1998

WL 417510, *2 (S.D.N.Y. July 24, 1998); *Popper v. Podhragy*, 48 F. Supp. 2d 268, 271 (S.D.N.Y. 1998); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002).( "While other motions to vacate under Rule 60(b) are left to the district court's discretion, a 60(b)(4) motion must be granted if it is found that the court initially lacked jurisdiction.")

As demonstrated below, when measured by these standards, it is clear that reversal is mandated, not only on the jurisdictional issues, but on the issues of improper service and the seizure of Truisfruit's property without due process as well. The court below got these issues wrong when it entered the Default Judgment, and it erred a second time when it turned a blind eye to the evidence and the law and denied Truisfruit's Rule 60(b) Motion.

## POINT II

### THE COURT BELOW ERRED BOTH IN ENTERING THE DEFAULT JUDGMENT AND IN SUBSEQUENTLY FAILING TO SET IT ASIDE ON TRUISFRUIT'S MOTION

The district court was afforded two opportunities to avert a manifest injustice: when it decided Appellee's motion for default judgment and when it later decided Truisfruit's Rule 60(b) Motion. The district court erred in each ruling: in the first, concluding that proper service had been made and that the assertion of *in personam* jurisdiction was proper; and, in the second, ignoring the law and the evidence presented by Truisfruit, both of which demonstrated that service was

invalid and that there is no basis for the assertion of personal jurisdiction over Truisfruit.

Rule 55(c) provides that a court "may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides that"[o]n motion and just terms the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." *Id*. 60(b). "Rule 60(b)(4) provides no real time limit. The one-year limit applicable to some Rule 60(b) motions is expressly inapplicable, and even the requirement that the motion be made within a 'reasonable time' . . . cannot be enforced in this type of situation." *Ruddies v. Auburn Spark Plug Co.*, 261 F. Supp. 648, 658 (S.D.N.Y. 1966); *see also Id.* ("A void judgment can acquire no validity because of laches on the part of one who applies for relief from it.").

Default judgments are disfavored, with a strong preference for resolution of disputes on their merits. *E.g., Enron Oil Corp.*, 10 F.3d, 95; *Bank of New York*, 1998 WL 417510, *2. A default judgment is "the most severe sanction which the court may apply," and the Second Circuit has "stated time and again that a trial court's desire to move its calendar should not overcome its duty to do justice." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (citations omitted). Accordingly, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party . . . and the

criteria of the Rule 60(b) set aside should be construed generously." *Enron Oil Corp.*, 10 F.3d at 96(citations omitted).[6] The law particularly disfavors default judgments when substantial rights or substantial sums of money are at stake. *See, e.g., Id.* at 97.[7]

Under Rule 60(b)(4), a court may vacate a default judgment if "the judgment is void." When a court lacks personal jurisdiction over a defendant, the default judgment is automatically rendered void. *See Covington Indus., Inc. v. Resintex A. G.*, 629 F.2d 730, 732 (2d Cir. 1980)("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity.").[8] "While other motions to vacate under Rule 60(b) are left to the district court's discretion, a 60(b)(4) motion must be granted if it is found that the court initially lacked jurisdiction." *Popper*, 48 F. Supp. 2d, 271; *see also Sartor*, 70 F. App'x, 13.[9]

---

[6] *See also Harriman v. I.R.S.*, 233 F. Supp. 2d 451 (E.D.N.Y. 2002); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2693 n.34 (3d ed.) (listing cases).

[7] *See also Horn v. Intelectron Corp.*, 294 F. Supp. 1153, 1155 (S.D.N.Y. 1968).]

[8] *See also In re Texlon Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979) (explaining that a judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law" (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2862, at 198 (1973))).

[9] The Second Circuit's "three-factor test that [ordinarily] guides district courts' broad discretion in deciding motions to vacate default judgments" does not apply in the context of Rule 60(b)(4). *See Global Gold Mining, LLC v. Ayvazian*, __ F. Supp. 2d __, 2013 WL 6123397, at *6 (S.D.N.Y. 2013).

A plaintiff must effect valid service before a court can exercise personal jurisdiction. *See, e.g., Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-87, 108 S. Ct. 896, 898-900, 99 L. Ed. 2d 75 (1988). Thus, "[w]here service on the defendant has not been effected properly, a default is void for lack of personal jurisdiction." *GMA Accessories, Inc. v. BOP, LLC*, 07 CIV. 3219 LTS/DCF, 2008 WL 762782,(S.D.N.Y. Mar. 20, 2008) " \s "WSFTA_ed9694d13b0b44e6a4e1e976ffbf8094" \c 3 2008 WL 762782, , *2 (S.D.N.Y. Mar. 20, 2008)(citing *Sartor*, 70 F. App'x at 13).10  Even actual notice of suit by the defendant will not cure a failure to comply with the statutory requirements for service of process. *Sartor*, 70 F. App'x at 13.

Finally, NYKCool "bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  It is clear on the record that Appellee did not meet this burden, in the first instance, in seeking the entry of default.  The district court's failure to hold NYKCool to this standard, and its failure to set aside the Default Judgment were errors warranting

---

[10] *See also Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 376-78 (S.D.N.Y. 1998)(vacating default judgment for technical defect in service of process); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Forman 635 Joint Venture*, 94 CIV. 1312 (LLS), 1996 WL 272074, , *3 (S.D.N.Y. May 21, 1996)(vacating default judgment because of ineffective service of process); *Cablevision Sys. NY City Corp. v. James*, CV 01-8170, 2008 WL 821513, , *1 (E.D.N.Y. Mar. 24, 2008)("If service is improper, a default judgment rendered after such service is void and must be vacated.").

reversal.

## Point III

## THE COURT BELOW COMMITTED A FUNDAMENTAL ERROR IN ASSERTING JURISDICTION OVER TRUISFRUIT

The district court's central error lay in its determination that it could assert *in personam* jurisdiction over Truisfruit, consistent with the requirements of due process, despite the failure of NYKCool to effect valid service of process on Truisfruit and despite the law governing jurisdiction, particularly in light of *Daimler*. Decided while Appellee's motion for default judgment was pending, *Daimler* was not raised by NYKCool or addressed by the district court. Indeed, NYKCool's pleadings contain no *in personam* jurisdictional allegations at all. For its part, the court below only reached the question of general jurisdiction and not only failed to address *Daimler* but also applied the wrong standard. Given the opportunity to rectify this error, the district court again failed to address *Daimler* when it denied Truisfruit's Rule 60(b) Motion, despite the fact that the Supreme Court's ruling was briefed extensively in Truisfruit's papers. *Daimler* wholly undermines any assertion of general jurisdiction over Truisfruit here and calls into serious doubt any possible assertion of specific jurisdiction on the facts of the case. Similarly without merit is the district court's strained efforts to sustain the Default Judgment by invoking principles of quasi in rem jurisdiction of

jurisdiction based on alleged alter ego relationships. For these reasons, the rulings below must be reversed.

## A. Truisfruit Is Not Subject to Personal Jurisdiction in New York

A court may assert personal jurisdiction over a defendant based on two separate theories: "specific or conduct-linked jurisdiction" or "general or all-purpose jurisdiction." *Daimler AG*, 134 S. Ct., 751.[11] "Specific personal jurisdiction exists when a forum exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum ... and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." *Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 54 (2d Cir. 2014)(*citing In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673-74 (2d Cir. 2013) *cert. denied,* 134 S. Ct. 2870 (U.S. 2014)).

Because a federal court must apply a forum state's personal jurisdiction rules in a federal question case such as this, *i.e.*, when a defendant resides outside the forum state, this court must look to New York State law. *See Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013). To establish

---

[11] In addition to failing to take into account *Daimler*, the district court failed to properly distinguish between general and specific jurisdiction, and therefore never even reached the question of specific jurisdiction.

jurisdiction over Truisfruit in this action, NYKCool must satisfy the requirements

of New York CPLR § 301 governing general jurisdiction or CPLR § 302

governing specific jurisdiction. *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d

Cir. 1997). "[G]eneral jurisdiction" requires "affiliations with the State [that] are so

'continuous and systematic' as to render [the foreign entity] essentially at home in

the forum State." *In re Roman Catholic Diocese of Albany, New York, Inc.*, 745

F.3d 30 (2d Cir. 2014)(*quoting Goodyear Dunlop Tires Operations, S.A.*, 131 S.

Ct., 2853). "Because general jurisdiction is not related to the events giving rise to

the suit, courts impose a more stringent minimum contacts test." *Id.* (alteration and

quotation marks omitted). "Specific jurisdiction," in contrast, " 'depends on an

affiliation between the forum and the underlying controversy.' " *Id.* (quoting

*Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2851).

        "A plaintiff bears the burden of demonstrating personal jurisdiction

over a person or entity against whom it seeks to bring suit." *Troma Entm't, Inc. v.

Centennial Pictures Inc*., 729 F.3d 215, 217 (2d Cir. 2013) (internal quotation

marks omitted). Although, at an early stage of the proceedings, a plaintiff need

only make a prima facie showing that jurisdiction exists," *Id.* (internal quotation

marks omitted), the *prima facie* case requires some "factual specificity" and may

not be established through conclusory assertions alone, *Jazini v. Nissan Motor Co*.,

148 F.3d 181, 185 (2d Cir. 1998).

Here, NYKCool did not establish *either* general or specific personal jurisdiction over Truisfruit and, therefore, this Court should vacate the district court's Default Judgment and order of disbursement and should dismiss the claims against Truisfruit.

## B.    There is No Basis for General Jurisdiction Over Truisfruit

CPLR §301, the general jurisdiction section of New York law, provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore."  Thus, in New York, courts may exercise personal jurisdiction over a foreign corporation that is engaged in such a continuous and systematic course of "doing business" in New York as to warrant a finding of its "presence" in the state, even if the cause of action is unrelated to the defendant's New York activities. "Doing business" requires that the defendant be present in New York "not occasionally or casually, but with a fair measure of permanence and continuity."  *Landoil Res. Corp. v. Alexander & Alexander Servs.*, Inc., 918 F.2d 1039, 1043 (2d Cir. 1990) (*quoting Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915 (1917)).

To assess whether a foreign corporation has maintained such continuous and systematic contacts with New York, courts focus on, among other factors, whether the company has an office in the state, whether it has any bank accounts or other property in the state, whether it has a phone listing in the state,

whether it does public relations work in the state, and whether it has individuals permanently located in the state to promote its interests. *See, e.g., Sandoval v. Abaco Club on Winding Bay*, 507 F. Supp. 2d 312 (S.D.N.Y. 2007). NYKCool has not met its burden and cannot establish that Truisfruit is subject to general jurisdiction as it has virtually **no** presence in the State.

### 1. *Daimler* Narrowed the Scope of General Jurisdiction.

In *Daimler AG*, 134 S. Ct. 746, plaintiffs sued a German company , Daimler AG ,in California under a theory of general jurisdiction. The Ninth Circuit found that Daimler AG was subject to general jurisdiction. *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909 (9th Cir. 2011) *rev'd sub nom. Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624 (U.S. 2014). The Supreme Court reversed. Assuming that the contacts of Daimler's subsidiary could be imputed to the parent-defendant (*Daimler AG*, 134 S. Ct. at 760), the Court held that the subsidiary's doing business in California through "multiple California-based facilities" (*Id.* at 752) did not support general jurisdiction. Rather, it held that a standard that would permit "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business ... is unacceptably grasping." *Id.* at 761. The Court declined to step beyond "the exemplar bases *Goodyear [v. Brown, 131 S. Ct. 2846 (2011)]* identified": incorporation and principal place of business. *Id.* at 760. And it noted

the merits of limiting general jurisdiction to affiliations that "have the virtue of being unique--that is, each ordinarily indicates only one place--as well as easily ascertainable." *Id.* at 760.

    Moreover, Courts applying New York law since *Daimler* have appropriately narrowed the reach of New York jurisdiction. *See  Gucci Am., Inc.*, 2014 WL 4629049 at , *10(reversing district court's finding of general personal jurisdiction where appellant was incorporated and headquartered outside of New York and was not at "home" in the forum state pursuant to the *Daimler* standard*);* *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221 (2d Cir. 2014) *cert. denied,* 134 S. Ct. 2888 (U.S. 2014)(denying personal jurisdiction over a foreign parent company with New York-based affiliates in deference to the analysis in *Daimler*); *Reich v. Lopez*, 13-CV-5307 JPO, 2014 WL 4067179 (S.D.N.Y. Aug. 18, 2014)(calling into question the New York "doing business" rule based on the holding in *Daimler); Meyer v. Board of Regents of University of Oklahoma,* slip op., 13-cv-3128, 2014 WL 2039654 (S.D.N.Y. May 14, 2014) (granting motion to dismiss due to lack of personal jurisdiction over non-New York based defendants not "at home" in New York under *Daimler*).  The Supreme Court of New York has expressly noted that " *Daimler* significantly narrows the parameters for the exercise of general personal jurisdiction [under CPLR 301], and calls into question the validity of the doing business doctrine." *Deutsche Zentral-*

*Genossenschaftsbank AG v. UBS AG*, 652575/2012, 2014 WL 1495632, , *3 (N.Y. Sup. Ct. Apr. 17, 2014) *modified sub nom. Deutsche Zentral-Genossenschaftsbank AG, New York Branch v. UBS AG*, 6525752012, 2014 WL 2922224 (N.Y. Sup. Ct. Apr. 23, 2014). *See also* <u>Chambers v. Weinstein</u>, 44 Misc. 3d 1224(A) (N.Y. Sup. Ct. 2014)(denying general jurisdiction over New Jersey based law firm and two New Jersey domiciled attorneys based on *Daimler*).

## 2. Truisfruit Is Not Subject To General Jurisdiction

The exercise of general jurisdiction over Truisfruit is clearly inconsistent with *Daimler*.  Plaintiff does not allege that Truisfruit is either incorporated or headquartered here.  To the contrary, Plaintiff alleges Truisfruit is " an entity organized and existing pursuant to the laws of a foreign country, with offices and a principal place of business located at … Guayaquil, Ecuador, and/or … Newark, New Jersey." *See* Amended Compl., ¶23.  While *Daimler* did not "foreclose the possibility that in an exceptional case" a corporation might be subject to jurisdiction outside its home forum as defined by incorporation and headquarters, neither did it endorse that possibility.  *Daimler AG*, 134 S. Ct. at 761. The only case that it cited as an example of "exceptional circumstances" was *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952), in which the defendant had fled the Philippines during World War II and made the forum state its "principal, if temporary, place of business." *Id.* at 756;

*see also Id.* at 756 n.8 ("Ohio [the forum] was the center of the corporation's wartime activities").  No such extraordinary facts are present here, and there is no allegation that New York is Truisfruit's principal place of business, temporary or permanent.

### 3.  Truisfruit Did Not Substantially And Continuously Solicit Business In New York

The "solicitation-plus" theory of general jurisdiction under §301 has been recognized by a number of different courts.  *See, e.g., Wiwa v. Royal Dutch Petroleum Co*., 226 F.3d 88 (2d Cir. 2000).  Certainly, solicitation of business alone does not justify a finding that a foreign corporation is "doing business" in New York.  *See, e.g., Laufer v. Ostrow*, 55 N.Y.2d 305, 434 N.E.2d 692 (1982).  However, if the solicitation of business is *substantial and continuous*, then personal jurisdiction may be found to exist *as long as the defendant engages in other activities of substance in the state.  Landoil Res. Corp.*, 918 F.2d, 1043-44(emphasis added); see also *Weil v. Am. Univ*., 2008 U.S. Dist. Lexis 1727 (S.D.N.Y. Jan. 2, 2008); *Nelson v. Mass. Gen. Hosp*., 2007 U.S. Dist. Lexis 70455 (S.D.N.Y. Sep. 20, 2007).  That test is not met here.

There is no evidence of solicitation in this action, let alone the "substantial and continuous" solicitation necessary to justify jurisdiction in New York.  In fact, all that has been conclusively established is that Truisfruit is an Ecuadorian company; its principal place of business is in Guayaquil, Ecuador; all

of its employees are located in Ecuador; and its business is conducted entirely in Ecuador between the banana fields and the international ships that carry the bananas to global ports.  Castillo Aff. at ¶ 16.  In addition, it is undisputed that Truisfruit does not have a New York office, it is not incorporated in New York, it owns no real property in New York and it provides no goods or services in New York.  *See id*. at ¶¶ 9, 14, 27, 29-30.  Rather, Truisfruit's sales are made to an importer for the U.S. retail market.  *Id*. at ¶ 33.  They were completed FOB Ecuador, meaning that all of Truisfruit's services were provided in Ecuador and Truisfruit does not engage in any direct sales in the United States.  *Id*.

A foreign corporation is subject to personal jurisdiction under the solicitation-plus theory only if the foreign corporation derives at least "five percent of its overall revenue *from sales in New York*." (emphasis added) (internal quotation marks omitted); *see also La Piel, Inc. v. Richina Leather Indus. Co.*, 10-CV-1050 JFB ETB, 2013 WL 1315125,(E.D.N.Y. Mar. 29, 2013) " \s "WSFTA_0c4cfcbbea4c40d1840f818b5e0071bb" \c 3 2013 WL 1315125, , *10 (E.D.N.Y. Mar. 29, 2013)(no personal jurisdiction under the solicitation-plus theory where "defendants do not ship commercial goods directly to New York"); *In re Roman Catholic Diocese of Albany, N.Y., Inc*., 2014 WL 485948, at *7-8 (*citing Daimler AG*, 134 S. Ct. at 752(finding 2.4% of a foreign company's worldwide sales (through a subsidiary) in a forum insufficient)).

Here, Truisfruit's primary markets are Europe and Asia. Exports to the United States account for less than 1% of Truisfruit's global business. *See id*. at ¶¶ 30, 33. This percentage of revenue falls woefully short of the threshold set by this Court.

In addition, the fact that FIA, a Delaware corporation with its principal place of business in New Jersey, received communications about its assignment of accounts to Truisfruit – an Ecuadorian corporation with its principal place of business in Ecuador – does not support a finding that Truisfruit engaged in solicitation in New York. *See C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Servs., Inc.*, 455 F. Supp. 2d 218, 223, 226 (E.D.N.Y. 2006)(no general or specific jurisdiction even though "Defendant sent copies of invoices... to the Plaintiff in New York [because] this type of correspondence does not provide an adequate basis for personal jurisdiction"); *Madison Models, Inc. v. Casta*, 01 CIV.9323 LTS THK, 2003 WL 21978628,(S.D.N.Y. Aug. 20, 2003) " \s "WSFTA_997452dc0f1942f69f24ad67ef64763a" \c 3 2003 WL 21978628, , *5 (S.D.N.Y. Aug. 20, 2003)(no general jurisdiction where defendant "sent invoices" to a New York-based company); *Nader v. Getschaw*, 99 CIV. 11556 (LAP), 2000 WL 1471553,(S.D.N.Y. Sept. 29, 2000) " \s "WSFTA_fcfe8c6252274af0b4d2b103d4348966" \c 3 2000 WL 1471553, , *3-4 (S.D.N.Y. Sept. 29, 2000)(invoice mailed into New York did not support jurisdiction because it was "incident to" services performed

in Wisconsin").

## C.    There is No Basis for Specific Jurisdiction Over Truisfruit

NYKCool did not allege specific jurisdiction, but even if it had, such a jurisdictional basis does not extend to Truisfruit.  C.P.L.R. 302(a) permits New York courts to exercise specific jurisdiction over a non-domiciliary as to causes of action arising from the following acts: (i) transacting business in New York or contracting to supply goods or services in New York; (ii) committing a tortious act in New York; (iii) committing a tortious act outside New York causing injury in New York, if the non-domiciliary "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered," in New York or "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce"; or (iv) owning, using or possessing real property located in New York.

NYKCool has not, and cannot, allege facts sufficient to satisfy any of the criteria of C.P.L.R. 302(a) as to Truisfruit.  The actions complained of by NYKCool in its Amended Complaint did not arise from any of the above-listed activities under C.P.L.R. 302(a).  As such, jurisdiction should not have been found.

### 1.  CPLR § 302(a)(1) Is Not Satisfied

Truisfruit is not subject to specific jurisdiction under CPLR §

302(a)(1) because it does not "transact any business" in the state of New York out

of which NYKCool's claims arose.  The factors for determining whether a

defendant "transacts any business" in New York sufficient to establish specific

personal jurisdiction under CPLR § 302(a)(1), considering "the totality" of the

circumstances, *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007),

include:

    (i)    whether the defendant has an on-going contractual relationship
               with a New York corporation;

    (ii)   whether the contract was negotiated or executed in New York,
               and whether, after executing a contract with a New York
               business, the defendant has visited New York for the purpose of
               meeting with parties to the contract regarding the relationship;

    (iii)  what the choice-of-law clause is in any such contract;

    (iv)  whether the contract requires the defendant to send notices and
               payments into the forum state or subjects them to supervision
               by the plaintiff in the forum state; and

    (v)   the place of a contract's performance.

(alterations and citations omitted); *see also Pincione v. D'Alfonso*, 506 F. App'x 22,

24 (2d Cir. 2012).  Accordingly, the focus of the inquiry is whether "the defendant

purposefully avail[ed] itself of the privilege of conducting activities within the

forum State, thus invoking the benefits and protections of its laws." *Best Van*

*Lines, Inc.*, 490 F.3d at 246(internal quotation marks omitted).

         As to FIA's assignment of its accounts receivable to Truisfruit, the

assignment occurred between New Jersey – not New York -- and Ecuador.

Castillo Aff. at ¶ 35. The accounts assigned could well have been in any state or

country. The assignment and the few letters sent after it do not establish that Truisfruit purposely conducted business in New York.  For this reason, the Court cannot exercise specific jurisdiction under C.P.L.R. 302(a)(1).  *See Mayes v. Leipziger*, 674 F.2d 178, 185 (2d Cir. 1982) ("no court has extended § 302(a)(1) to reach a nondomiciliary who never entered New York, who was solicited outside of New York to perform services outside of New York, who performed outside of New York such services as were performed, and who is alleged to have neglected to perform other services outside of New York").

### 2.  CPLR § 302(a)(2) Is Not Satisfied

"CPLR § 302(a)(2) reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act." *Bensusan Rest. Corp.*, 126 F.3d, 28(holding that acts of trademark infringement not committed in New York but causing injury in New York did not give rise to jurisdiction under § 302(a)(2)).  There is no record evidence of a tortious act in New York.

### 3.  CPLR § 302(a)(3) Is Not Satisfied

The exercise of specific jurisdiction under CPLR § 302(a)(3) is proper if the defendant "commits a tortious act without the state causing injury to person or property within the state." N.Y.C.P.L.R. § 302(a)(3).

"Courts determining whether there is injury in New York sufficient to

warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury." *Whitaker*, 261 F.3d, 209(internal quotation marks and alteration omitted).  "When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss." *Beach v. Citigroup Alternative Investments LLC*, 12 CIV. 7717 PKC, 2014 WL 904650,(S.D.N.Y. Mar. 7, 2014) " \s "WSFTA_3be937814a0340e1be2a4e8238e6dd2e" \c 3 2014 WL 904650, , *11 (S.D.N.Y. Mar. 7, 2014)(decided post-Daimler and quoting *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 529, 715 N.E.2d 482 (1999)). Here, if NYKCool is injured at all, that injury would have occurred in Sweden, and not in New York.

Besides failing to meet the threshold requirement for jurisdiction under § 302(a)(3), NYKCool likewise cannot establish the additional factors required to justify jurisdiction, *i.e.,* that Truisfruit "(i) regularly does or solicits business, or engages in persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  N.Y.C.P.L.R. § 302(a)(i) or (ii).

As shown above, Truisfruit has not engaged in any ongoing conduct in New York.  In addition, NYKCool is in Sweden – not in New York – and any

harm it would have suffered would have therefore been in Sweden – not in New

York.  Thus, NYKCool cannot establish that Truisfruit is subject to specific

jurisdiction under CPLR § 302(a)(3).

### 4.  CPLR § 302(a)(4) Is Not Satisfied

N.Y. C.P.L.R. § 304(a)(4) provides for personal jurisdiction in New

York over one who "owns, uses or possesses any real property situated in the

state." Truisfruit does not own real property in New York. See Castillo Aff. at ¶ 27.

Jurisdiction over a nonresident defendant based on the attachment of property in

the forum state must be evaluated under the due process standards that govern the

exercise of *in personam* jurisdiction.[12]  *See Shaffer v. Heitner*, 433 U.S. 186, 212,

97 S. Ct. 2569, 2584, 53 L. Ed. 2d 683 (1977)("[A]ll assertions of state-court

jurisdiction must be evaluated according to the standards set forth in *International

Shoe* and its progeny."); 4A Charles Alan Wright & Arthur R. Miller, Federal

---

[12] Truisfruit filed its original challenge to the existence of quasi-in-rem jurisdiction in the form of a Rule 12(b)(2) motion. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1396 (3d ed. ) at 560 (3d ed. 2004) (objections to quasi-in-rem jurisdiction are usually brought under Fed. R. Civ. P. 12(b)(2)).  Truisfruit reserved all rights accorded to it by New York law, which permits an owner to protect its interest in attached property in a quasi-in-rem proceeding without submitting to full *in personam* jurisdiction.  *See* N.Y. C.P.L.R. 320(c)(1) (McKinney); *Cargill, Inc. v. Sabine Trading & Shipping Co.*, 756 F.2d 224, 227-28 (2d Cir. 1985).

Practice and Procedure § 1070(explaining that *Shaffer* "suggests a convergence of the constitutional principles controlling in rem, quasi-in-rem, and in personam actions").

Here, the District Court erred by exercising quasi-in-rem jurisdiction because the attachment order was invalid and violated Truisfruit's procedural due process rights.  In addition, from a due process perspective, quasi-in-rem jurisdiction extends no further than personal jurisdiction, which, as argued above, was improperly granted by the district court.

### a) The District Court erred in exercising quasi-in-rem jurisdiction over Truisfruit's assets because the attachment order was invalid

To be subject to attachment, the attached property must belong to a defendant.  "The provisional remedy of attachment . . . operates only against the property *of the defendant*."  *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 310, 926 N.E.2d 1202 (2010)(emphasis added); *see also Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 538, 911 N.E.2d 825 (2009)("Attachment . . . keeps the *debtor* away from his property . . . .") (emphasis added).  An attachment of property belonging to a non-defendant is invalid.  Truisfruit was not a defendant at the time the District Court issued the order of attachment seizing its property on August 1, 2013.  *See* A.34.  Accordingly, the order of attachment was invalid as to Truisfruit.

Even if Truisfruit had been a defendant at that time, the attachment

38

would still be invalid because NYKCool failed to move to confirm the *ex parte* attachment as to Truisfruit and to serve notice of the ex parte attachment to Truisfruit, the known owner of the property.  C.P.L.R. 6211(b) sets forth strict time limits for confirming an *ex parte* attachment.  *See id.* (providing different time limits, but providing that in all circumstances a plaintiff must make a motion to confirm an attachment within 20 days).  Notice of this hearing must be provided to the property owner.  *See id*.  The property owner's due process rights require the scheduling of a hearing and providing notice of same.  *See* N.Y. C.P.L.R. 6201.  "If plaintiff fails to make such motion within the required period, the order of attachment and any levy thereunder shall have no further effect."  *Id*.  Here, NYKCool failed to move against Truisfruit at any point including: (1) when the District Court issued the Order of Attachment on August 1, 2013, *see* A.34; (2) when the District Court learned that Truisfruit had true beneficial ownership of the attached cargo on September 18, 2013, *see* Dkt. No. 102 at 30; (3) when the District Court signed a consent order permitting Truisfruit's property to be sold so long as the proceeds were deposited into the District Court's registry on October 25, 2013, *see* A.87; and (4) when the Plaintiff submitted a proposed order of default judgment on March 18, 2014, which led to the District Court's disbursement of the attached funds to NYKCool.  *See* A.268.[13]  Clearly, any

---

[13] It appears from the docket that NYKCool submitted the proposed order of

statutory time limits that might have governed the attachment as to Truisfruit

expired long ago.  Because the attachment order against Truisfruit had no validity,

the District Court should not have authorized the use of the attached funds as a

basis for asserting quasi-in-rem jurisdiction, and therefore it committed reversible

error.

### b) Exercising quasi-in-rem jurisdiction over Truisfruit's assets violated Truisfruit's procedural due process rights

Even assuming the attachment order was valid, and it was not, the

District Court's attachment and subsequent disbursement of Truisfruit's assets

violated its procedural due process rights.  It is well settled "that property cannot

be subjected to a court's judgment unless reasonable and appropriate efforts have

been made to give the property owners actual notice of the action." *Shaffer*, 433

U.S. at 206.  The Constitution requires that property owners receive procedural due

process in the form of notice and an opportunity for a hearing.  *See, e.g.*, *Goss v.

Lopez*, 419 U.S. 565, 577, 95 S. Ct. 729, 738, 42 L. Ed. 2d 725 (1975); *Arnett v.

Kennedy*, 416 U.S. 134, 167, 94 S. Ct. 1633, 1650, 40 L. Ed. 2d 15 (1974)–51

(1974); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct.

652, 657, 94 L. Ed. 865 (1950).

At no time did Truisfruit receive notice of the attachment: not at the

---

judgment to the Court on March 18th and that Judge Kaplan signed it that day.
Truisfruit never received a copy of the proposed order of judgment, as required
under Local Civil Rule 55.2(b) and principles of due process.

time of the attachment in August 2013, nor at the time Truisfruit was added as a

defendant in October 2013, nor when disbursement from the registry was

demanded in the proposed order never served on Truisfruit, nor at the time of the

Court's disbursement of the attached funds in March 2014.  As a result, Truisfruit

had no opportunity to object or to attend a hearing.  It is fair to say that NYKCool

ignored every rule and principle of due process and has received over a million

dollars in funds to reward its peradventure.  It would be an understatement to say

that the assertion of quasi-in-rem jurisdiction over Truisfruit's assets violated its

due process rights.

### c) Quasi-in-rem jurisdiction does not extend beyond the boundaries of general and specific jurisdiction

The District Court also committed reversible error because it could

not exercise quasi-in-rem jurisdiction because such jurisdiction extends no further

than personal jurisdiction, which, as discussed above, was not properly established

in this case.  Under *Shaffer,* the center of the inquiry is "the relationship among the

defendant, the forum and the litigation."  *Shaffer*, 433 U.S. at 204. *See also* Siegel,

N.Y. Prac. § 104 (5th ed. )  Courts analyzing *quasi in rem* jurisdiction focus on the

"purposeful acts of the non-domiciliary giving rise to the presence or lack of a

reason to expect to be haled before . . . the forum," and have held that such

jurisdiction "does not exist when the property serving as the jurisdictional basis has

no relationship to the cause of action and there are no other ties among the

defendant, the forum and the litigation." *Orient Overseas Container Line v. Kids Int'l Corp.*, 96 CIV. 4699 (DLC), 1998 WL 531840,(S.D.N.Y. Aug. 24, 1998) " \s "WSFTA_52106ed6b2d34500808fd6faec2e3875" \c 3 1998 WL 531840, , *5 (S.D.N.Y. Aug. 24, 1998)(defendants' contacts with New York-related entities was assumed yet was insufficient for purposes of establishing minimum contacts to obtain order of attachment); *see also Banco Ambrosiano, S.P.A. v. Artoc Bank & Trust Ltd.*, 62 N.Y.2d 65, 72-73, 464 N.E.2d 432, 435-36 (1984)(explaining that in New York, an attachment will support quasi in rem jurisdiction only if the property attached, the defendant, and the cause of action are related).[14]

Additionally, and as discussed, *supra*, the Supreme Court recent decisions have all generally tightened the standard for general personal jurisdiction and specific personal jurisdiction. *See Walden v. Fiore*, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014); *Daimler AG*, 134 S. Ct. 746; *Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. 2846; *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct.

---

[14] It is even more surprising that he District Court reached its comclusion after the court itself found that, "New York's requirements for the exercise of personal jurisdiction are more restrictive than the constitutional requirements." A.159 at 28 n.31; *see also* N.Y. C.P.L.R. 302; *Banco Ambrosiano, S.P.A.*, 62 N.Y.2d at 71-72; *Feder v. Turkish Airlines*, 441 F. Supp. 1273, 1279 n.5 (S.D.N.Y. 1977) ("[A] nonresident's activities unrelated to the litigation (and the seized property) might be too minimal for personal jurisdiction under the 'doing business' rubric, but sufficient to support quasi-in-rem jurisdiction."). Nonetheless, while New York may have different requirements asserting personal and quasi-in-rem jurisdiction, the same constitutional principles govern both.

2780, 180 L. Ed. 2d 765 (2011).  Because the constitutional principles governing quasi-in-rem jurisdiction are the same as those governing personal jurisdiction, these cases necessarily dictate a tightening of the reach of quasi-in-rem jurisdiction.  *See also* Oscar G. Chase & Lori Brooke Day, Oscar G. Chase & Lori Brooke Day, *Re-Examining New York's Law of Personal Jurisdiction After Goodyear Dunlop Tires Operations, S.A. v. Brown and J. Mcintyre Machinery, Ltd. v. Nicastro*, 76 Alb. L. Rev. 1009, 1052 n.332 (2013)("*Nicastro* and *Goodyear* perhaps suggest a reconsideration of New York's current quasi in rem jurisprudence . . . . New York has tended to exert its jurisdictional authority broadly, and the 2011 Supreme Court cases counsel against doing that.  The New York courts should consider this general sense of caution in all jurisdiction cases, even when dealing in an ostensibly different area.").  For the foregoing reasons, the District Court committed reversible error in finding that Truisfruit was subject to Quasi-in-rem jurisdiction.

## D. Exercising Personal Jurisdiction Over Truisfruit Would Violate Constitutional Due Process

If the exercise of jurisdiction is appropriate under New York statutory law, plaintiff must also establish that it "comports with the requisites of due process." *Bensusan Rest. Corp.*, 126 F.3d, 27.  As the Supreme Court has consistently recognized, the Due Process Clause protects a defendant's interest in not being subject to the binding judgments of a forum with which it has established

no meaningful "contacts, ties, or relations." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294, 100 S. Ct. 580, 62 L. Ed. 2d 490 (1980).  The Due Process Clause requires that corporations have fair warning that a particular activity may subject them to the jurisdiction of a foreign state, thereby providing "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* at 297.  Based on these principles, a court may only exercise jurisdiction over a defendant where to do so would not "offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); *Chaiken v. VV Pub. Corp.*, 119 F.3d 1018, 1027 (2d Cir. 1997).  For this standard to be met, the defendant's contacts must constitute continuous and systematic general business contacts with the State.  *See Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 416.

For the same reasons that Truisfruit is not "doing business" under New York's jurisdictional statute, it does not meet the due process threshold.  Here, Truisfruit's scant contacts with New York are not the "but for" or proximate cause of NYKCool's alleged injuries. The only claimed injury by Truisfruit is the alleged assignment of receivables, which did not occur in New York.  Thus, specific jurisdiction over Truisfruit would not comport with due process.  *See, e.g., Savin v.*

*Ranier*, 898 F.2d 304, 307 (2d Cir. 1990) (receiving financing from a Connecticut entity did not establish sufficient minimum contacts in the State); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985)("attenuated" contacts are insufficient to confer personal jurisdiction); *Absolute Activist Master Value Fund*, 2013 WL 1286170, at *12 (S.D.N.Y. March 28, 2013) (no specific jurisdiction where the harms upon which Plaintiffs based their suit did not arise out of the acts described in the operative complaint).

Nor do these contacts provide a sufficient basis for exercising specific jurisdiction. To exercise specific jurisdiction, a defendant must have purposefully directed its activities at residents of the forum, and the litigation must result from alleged injuries that arise out of or relate to those activities. *See World-Wide Volkswagen Corp.*, 444 U.S. at 297; *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414(emphasizing that the "relationship among the defendant, the forum, and the litigation is the essential foundation of in personam jurisdiction"). As discussed above, NYKCool failed to establish that Truisfruit, an Ecuadorian company whose business is limited to the shipping ports in Ecuador, and whose annual revenue derived from customers in New York is less than 1%, "purposefully directed any of its activities at residents of New York. In addition, NYKCool is not even a resident of New York itself.

Finally, even if due process was otherwise satisfied, exercising

jurisdiction over the Truisfruit in this case would not be reasonable. The reasonableness of exercising jurisdiction depends upon (1) the burden it would impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *See e.g., Chaiken*, 119 F.3d at 1028.  The reasonableness inquiry is particularly significant in the international context where another country's interests may outweigh a state's interest in adjudicating a particular claim. *See Asahi Metal Indus. Co. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 115, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)("Great care and reserve should be exercised when extending our notions of personal jurisdiction unto the international field.")

   None of these factors weighs in favor of exercising jurisdiction in this case.  First, it would be unduly burdensome to require Ecuadorian citizens based in Ecuador to litigate a local dispute in New York.  To impose such a burden in a case in which the forum state has little or no interest in the dispute would be particularly unreasonable. Based on NYKCool's own allegations, the conduct on which the original lawsuit is based occurred entirely outside of New York.  As such, New York should not have any interest in litigating this matter and the district court's

decision to exercise jurisdiction over Truisfruit in this matter should be reversed.

## E.  Alter Ego Jurisdiction is not Available

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 194 (2d Cir. 2010) *aff'd,* 133 S. Ct. 1659, 185 L. Ed. 2d 671 (U.S. 2013)(Leval, J., concurring) (quoting *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998)). Because New York courts disregard corporate form reluctantly, they do so only when the form has been used to achieve fraud, or when the corporation has been so dominated by an individual or another corporation ..., and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own and can be called the other's alter ego." *Gartner v. Snyder*, 607 F.2d 582, 586 (2d Cir. 1979)); *cf. Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2d Cir. 1980)(in federal maritime law "[t]he prerequisites for piercing a corporate veil are ... clear ...: [the defendant] must have used [the corporation] to perpetrate a fraud or have so dominated and disregarded [the corporation's] corporate form that [the corporation] primarily transacted [the defendant's] personal business rather than its own corporate business.")  To establish an alter ego relationship making the parent corporation liable for the acts of the subsidiary, NYKCool must allege factors such as:

47

(1) disregard of corporate formalities; (2) inadequate capitalization;
(3) intermingling of funds; (4) overlap in ownership, officers,
directors, and personnel; (5) common office space, address and
telephone numbers of corporate entities; (6) the degree of discretion
shown by the allegedly dominated corporation; (7) whether the
dealings between the entities are at arm's length; (8) whether the
corporations are treated as independent profit centers; (9) payment or
guarantee of the corporation's debts by the dominating entity, and (10)
intermingling of property between the entities.

*In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 271-72 (S.D.N.Y. 2009);

see also *MAG Portfolio Consultant, GMBH v. Merlin Biomed Grp. LLC*, 268 F.3d

58, 63 (2d Cir. 2001)(listing factors in determination of "domination," such as,

*inter alia*, disregard of corporate formalities, inadequate capitalization, and

intermingling of funds); *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130,

134 (2d Cir. 1997) (party seeking to pierce corporate veil must allege facts

showing "complete domination" of subsidiary and such domination used to

commit wrong injuring plaintiff); *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65,

69-70 (2d Cir. 1996)(conclusory allegations insufficient to pierce veil).  NYKCool

has failed to establish any of the foregoing elements in its complaint or establish

any basis to pierce the corporate veil and attribute acts of Truisfruit's co-

defendants to Truisfruit.

### 1. Truisfruit Is a Real and Separate Ecuadorian Business

NYKCool cannot establish that Truisfruit is the alter ego of FIA.

Truisfruit does not exercise any control over FIA.  There is no commingling of

funds; no disregard for corporate formalities; no common ownership; and no sharing of property. In addition, all of the transactions between Truisfruit and FIA have been conducted at arm's length.

To the contrary, Truisfruit is a duly incorporated, privately-owned, and closely-held corporation organized in and under the law of Ecuador. A.278 at ¶ 5; A.294-302 at ¶¶ 15-17, 34-36; see also Amended Complaint, A.44 at ¶ 23. Its principal office is in Guayaquil, Ecuador. A.42 at ¶ 13. All of Truisfruit's 146 employees are likewise located in Ecuador. A.44 at ¶ 24. Truisfruit maintains its own separate corporate books and records, including separate financial records, and does not maintain books or records for any other company. A.42 at ¶ 17.The corporation complies with Ecuadorian laws governing closely held corporations and is in good standing. See generally A.41 at ¶¶ 10-11. Truisfruit engages an independent audit firm in Ecuador and files its own corporate tax returns in Ecuador. A.41 at ¶¶ 19-21.

## 2. FIA's Assignment Of Accounts Receivable Does Not Support Piercing The Corporate Veil

As stated previously, there was nothing fraudulent about FIA's assignment of certain accounts receivable to Truisfruit as payment for export services and banana sales in Ecuador. A.284 ¶ 34; Dkt. Nos. 111-3, 111-4, 111-5. Truisfruit agreed to an assignment of receivables, rather than cash, to reduce costs and avoid government penalties, including the revocation of Truisfruit's

Ecuadorian agricultural payment bond and global export license.  *See* A.284 at ¶ 34; *see also* A.294-302 at ¶¶ 18-20, 37-40.  FIA's debt to Truisfruit was properly and separately reflected in Truisfruit's financial records.  A.284 at ¶ 34.  The assignment was for value, because Truisfruit actually consigned bananas to FIA and provided export services to get them to the *Bestfoods*, 524 U.S. 51  The timing of the assignment was driven by tight deadlines in Ecuador for compliance with laws protecting agricultural growers and tax revenues and had nothing to do with any of the defendants' evading their obligations, if any, to NYKCool.

### 3. Recent state and federal decisions following *Daimler* have called into question the constitutionality of the alter-ego theory

Notwithstanding that NYKCool has failed to establish that Truisfruit is subject to personal jurisdiction under alter-ego jurisdiction, the alter ego theory itself would not withstand constitutional scrutiny following *Daimler*.  *See* NewLead Holdings Ltd. v. Ironridge Global IV Ltd., 14CV3945, 2014 WL 2619588, at  (S.D.N.Y. June 11, 2014)(usefulness of alter-ego analysis based on actions of affiliate in forum state called into question following *Daimler); Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 13 CIV. 1654 RA, 2014 WL 2610608, , *8 n.10 (S.D.N.Y. June 10, 2014)(mere-department doctrine may be inconsistent with constitutional principles outlines in *Daimler*); *Deutsche Zentral-Genossenschaftsbank AG*, 2014 WL 1495632 at , *5(mere department doctrine called into question by *Daimler* restrictions on general jurisdiction); *Smart Trike,*

*MNF, PTE, Ltd. v. Piermont Products LLC*, 650376/2012, 2014 WL 2042298, , *3

n.3 (N.Y. Sup. Ct. May 16, 2014)("This court also believes that the 'mere

department' doctrine, where fraud need not be alleged for jurisdiction purposes . . .

may no longer be Constitutional. The court will not reach this issue in this case

because Piermont failed to properly allege the non-fraud elements of a veil-

piercing claim.").  This Court should also find that alter-ego jurisdiction cannot

pass constitutional muster and is no longer relevant in a post-*Daimler*

jurisdictional analysis.[15] Accordingly, NYKCool cannot rely on faulty, and

unconstitutional, alter-ego jurisdiction to establish personal jurisdiction over

Truisfruit, and the district court committed reversible error in finding otherwise

and in adhering to its original ruling when it decided Truisfruit's Rule 60(b)

Motion.

## Point IV

## THE JUDGMENT MUST BE SET ASIDE BECAUSE THE COURT BELOW LACKS SUBJECT MATTER JURISDICTION

The Default Judgment is fatally flawed on the additional ground that

the district court lacks subject matter jurisdiction over this action.  In the court

below, NYKCool argued that the court has subject matter jurisdiction under the

Federal Arbitration Act ("FAA"), the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), and 28 U.S.C. § 1333 (admiralty).  See Amended

---

[15] Not to mention the fact that FIA is a New Jersey corporation, and not an alter ego resident of New York.

Complaint, A.39 at ¶ 1.  Appellee is flat wrong.

## A.    There Is No Federal Question Jurisdiction

This Court lacks federal question jurisdiction over NYKCool's claims against Truisfruit for several reasons.  First, there is no jurisdiction under RICO because NYKCool has not set forth sufficient allegations to state a claim against Truisfruit.  As this Court has explained, to state a claim for damages under RICO a plaintiff must, *inter alia*, "'allege the following seven elements: (1) that the defendant [the 'person'] (2) ***through the commission of two or more acts*** (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce.'"  Report and Recommendation, A-395 at 11 (quoting *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 5, 17 (2d Cir. 1983)).  In this case, NYKCool has only alleged one purported act as to Truisfruit, that is, its participation in an allegedly fraudulent transaction with FIA.  Because NYKCool has clearly not stated a RICO claim against Truisfruit, the Court should not assert subject matter jurisdiction under that statute.

Second, the FAA "does not constitute an independent grant of jurisdiction to the federal courts."  *Marine Trading Ltd. v. Naviera Commercial Naylamp S.A.*, 879 F. Supp. 389, 390 (S.D.N.Y. 1995) (Kaplan, J.).  "Therefore, a party seeking remedies under the [FAA] in a federal court must establish an

independent basis for subject matter jurisdiction." *Id.*

Third, NYKCool's contention that this Court has maritime jurisdiction over NYKCool's claims apparently assumes that Truisfruit is an alter ego of another defendant over whom the Court has already established maritime jurisdiction. *See Clipper Wonsild Tankers Holding A/S v. Biodiesel Ventures, LLC*, 851 F. Supp. 2d 504, 507-09 (S.D.N.Y. 2012). For the reasons discussed earlier, however, this Court should conclude that Truisfruit is not an alter ego, meaning that the Court also does not have maritime jurisdiction over Truisfruit in this case.

## B.    There Is No Diversity Jurisdiction

Nor may this Court assert diversity jurisdiction over NYKCool's claims against Truisfruit. 28 U.S.C. § 1332 permits federal courts to exercise jurisdiction in civil actions between, in relevant part, "citizens of a State and citizens or subjects of a foreign state," or "citizens of different States and in which citizens or subjects of a foreign state are additional parties." *Id*. § 1332(a)(2), (3). The Second Circuit has explained that "diversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). "Thus if there are both foreign plaintiffs and foreign defendants, there must also be both plaintiffs and defendants who are United States citizens and who are

diverse in citizenship." *Chadwick v. TKO Records*, 03 CIV. 10019 (AKH), 2004 WL 885820, , *1 (S.D.N.Y. Apr. 20, 2004).  In this case, there is a foreign plaintiff and foreign defendants, and while there are defendants who are United States citizens, there are no plaintiffs who are United States citizens.  Thus, under 28 U.S.C.A. § 1332, there is no diversity jurisdiction.

Accordingly, the Court should also conclude that the Default Judgment is void due to lack of subject matter jurisdiction over NYKCool's claims against Truisfruit.

## Point V

## <u>PRINCIPLES OF COMITY REQUIRE REVERSAL</u>

One of the underpinnings of *Daimler* was the recognition of the laws of other nations as an important factor to be weighed in assessing whether a district court sitting in the United States should assert in personam jurisdiction over a non-U.S. foreign defendant.  As the Supreme Court has noted:

> Other nations do not share the uninhibited approach to personal jurisdiction advanced by the Court of Appeals . . . In the European Union, for example, a corporation may generally be sued in the nation in which it is "domiciled," a term defined to refer only to the location of the corporation's "statutory seat," "central administration," or "principal place of business." . . . The Solicitor General informs us, in this regard, that 'foreign governments' objections to some domestic courts' expansive views of general jurisdiction have in the past impeded negotiations of international agreements on the reciprocal recognition and enforcement of judgments.' U. S. Brief 2 . . . (expressing concern that unpredictable applications of general

> jurisdiction based on activities of U. S.-based subsidiaries could
> discourage foreign investors); Brief for Respondents 35
> (acknowledging that "doing business" basis for general
> jurisdiction has led to "international friction").  Considerations
> of international rapport thus reinforce our determination that
> subjecting Daimler to the general jurisdiction of courts in
> California would not accord with the "fair play and substantial
> justice" due process demands.

*Daimler AG*, 134 S. Ct. at 763-64(citing *inter alia* to conventions in the European

Union as to why the exercise of jurisdiction over a dispute in Argentina, South

America would violate principles of comity)(citations and quotations omitted).

While the court below did not address the implications of *Daimler*, such principles

of comity apply equally to the exercise of jurisdiction over a defendant in Ecuador,

South America.

       Following a holding based on *Daimler* reversing the district court, this

Court in *Gucci Am., Inc.*, 2014 WL 4629049 to the district court to conduct a

proper comity analysis based on § 403 of the Restatement (Third) of Foreign

Relations Law.  Even though the lower court had already properly performed a

comity analysis based on its previous erroneous holding, this Court ordered a

second analysis "given the important role that comity plays in ensuring the

recognition which one nation allows within its territory to the legislative, executive

or judicial acts of another nation, having due regard both to international duty and

convenience," *Id.* (citations and quotations omitted).  Accordingly, this Court

should reverse the rulings that are the subject of this appeal on the additional

ground that, in asserting personal jurisdiction, the district court failed to conduct a

comity analysis, or in the alternative, dismiss because of the standard articulated in

*Daimler*.

## CONCLUSION

For the foregoing reasons, Defendant Truisfruit *Compañía Sociedad*

*Anonimá* respectfully requests that this Court enter an Order: (1) vacating the

Default Judgment entered against Truisfruit; (2) vacating the order of

disbursement; (3)  dismissing Truisfruit from this case; and (4) awarding Truisfruit

such other and further relief as is just and appropriate.


Dated:  September 30, 2014        By:  _____ /s/ John C. Ohman \_

                                                John C. Ohman
                                                Jonathan E. Goldberg
                                                Rebecca K. Myers

                                                Vandenberg & Feliu, LLP
                                                60 East 42nd Street, 51st Floor
                                                New York, NY  10165
                                                (212) 763-6800

                                                *Counsel for Defendant-Appellant*
                                                *Truisfruit Compañía Sociedad Anonima*

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 13,728 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word with 14-point Times New Roman font.

Dated:     September 30, 2014

_____/s/ John C. Ohman_____

John C. Ohman

**SPECIAL APPENDIX**

**i**

## TABLE OF CONTENTS

                                                                     **Page**

Judgment Pursuant to Rule 54(B) of the Federal
    Rules of Civil Procedure, dated March 18, 2014...  SPA-1

Order of the Honorable Lewis A. Kaplan, dated July
    15, 2014 Appealed From.......................................  SPA-5



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------
NYKCOOL A.B.,

        Plaintiff,

    -against-

PACIFIC INTERNATIONAL SERVICES,
INC., PAN AMERICAN TRADING
COMPANY,INC., FRUIT IMPORTERS
AMERICAS, INC., PACIFIC GROUP
HOLDING, INC.,ECUADORIAN LINE,
SOUTH PACIFIC SHIPPING CO. LTD.,
ALVARO FERNANDO NOBOA PONTON,
CARLOS AGUIRRE, CARLOS AHLSTROM,
EDWARD HICKEY, ROBERT KISSINGER,
and TRUISFRUIT S.A.,

        Defendants,

    -and-

PACIFIC FRUIT INC. and KELSO
ENTERPRISES LTD.,

        Defendants-in Interest.

-----------------------------------X

12 Civ. 5754 (LAK)(AJP)

JUDGMENT PURSUANT TO
RULE 54 (B) OF THE
FEDERAL RULES OF CIVIL
PROCEDURE



    The Court previously issued an Order dated March 11,

2014 granting Plaintiff NYKCool A.B.'s ("NYKCOOL") motion

for default judgment as to Truisfruit, S. A. For the

reasons set forth in the Order of March 11, 2014 judgment

is granted in favor of NYKCOOL in the amount of $8,

787,157.00, together with interest and costs thereon,

against Truisfruit, S.A.

In this case claims against defendant Truisfruit, S.A. upon which judgment is granted are separate from the remaining claims. Additionally, the Court finds no just reason for delay, largely for the same reasons as set out in the Judgment dated June 26, 2013 against other defendants in this action, which noted the long history of frustration in the plaintiff's efforts to collect more than $8 million dollars by the actions of the defendants and that the plaintiff should not be further prejudiced by the continued pendency of the action against the remaining defendants.

Further, as stated in the Report and Recommendation of Magistrate Judge Andrew J. Peck, dated December 20, 2013 ("R & R"), referred to in the Court's Order of March 11, 2014, all attached funds and funds placed into the Court's registry in this matter by Garnishee Redi Fresh Produce, Inc. pursuant to a Consent Order dated October 28, 2013 ("Consent Order") should be released and turned over to the plaintiff in partial satisfaction of its judgment against Truisfruit, A.B. That Consent Order provides for disbursement of said funds, *inter alia*, upon any decision or order of this Honorable Court (DKT. No. 126:10/28/13 Consent Order). The R & R recommended the Court should enter a judgment directing the release of all of the

2

attached funds (including those in the Court's registry) together with interest thereon, to NYKCool, up to the full amount of the judgment of NYKCOOL in the amount of $8, 787,157.00. The funds held in the Court's registry now consist of $1,376,787.60 (DKT. No. 126:10/28/13 Consent Order) and $142,785.72, which was placed into the Court's CRIS account on November 20, 2013. (See 11/18/13 Dkt. Entry). All of said funds should be turned over to NYKCOOL, together with all accumulated interest earned on said amounts while in the Court's CRIS account, less any authorized registry fees, upon serving a signed copy of this Order upon the Clerk of Court, United States District Court for the Southern District of New York, at U.S. Treasury, Agency Locator #4654, ABA Routing #021030004; Room 120, and on a Financial Deputy in the Cashier's Office in Room 120.

IT IS SO OREDERED, ADJUDGED and DECREED that judgment in favor of the plaintiff NYK Cool, A.B. is entered as against defendant Truisfruit, S.A. for $8,787,157.00 jointly and severally with the other defendants against which judgment has been previously entered, together with interest and costs thereon.

That the funds as above described held in the Court's CRIS account with respect to this matter be turned over to

3

the plaintiff, with accumulated interest, less any authorized registry fees, and that;

This Judgment is hereby certified and entered by the Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which has determined there is no just reason for delay of the entry of final judgment and that the Court has and does hereby direct that the judgments granted hereby shall be final judgments for all purposes.

IT IS SO ORDERED

Dated: New York, New York

March ⟦19⟧ , 2014

Approved:

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York

Ruby J. Krajick
Clerk of the Court

By: _____

4

SPA-5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NYKCOOL A.B.,

                          Plaintiff,

           -against-                                    12-cv-5754 (LAK)

PACIFIC INTERNATIONAL SERVICES, INC., et al.,

                          Defendants,

           -and-

PACIFIC FRUIT INC. and KELSO ENTERPRISES, INC.,

                          Defendants-in-Interest.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/14

**ORDER**

Lewis A. Kaplan, *District Judge*.

        Truisfruit, S.A. moves, pursuant to Rule 60(b), to vacate the default judgment entered against it on March 18, 2014.[1] Truisfruit filed this motion on May 13, 2014, approximately one month after it filed a notice of appeal.[2] The Second Circuit "has repeatedly held that the docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'"[3] A district court may deny, but may not grant, a Rule 60(b) motion after an appeal has been taken absent permission from the circuit court.[4]

_____

[1]        DI 179.

[2]        The notice of appeal was filed on April 17, 2014.  DI 156.

[3]        *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (quoting *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962)).

[4]        *Id.*

2

In light of the pending appeal and in the interest of judicial economy, the Court declines to entertain the motion.  Truisfruit's Rule 60(b) motion [DI 179] and its separately filed motion for a hearing [DI 183] are denied.

SO ORDERED.

Dated:        July 15, 2014


_____
Lewis A. Kaplan
United States District Judge